**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **v.** | * | **CR NO. 1:05-CR-153** |
| | * | |
| **MARTHA DAVIS,** | * | |
| **DEFENDANT.** | * | |

**DEFENDANT MARTHA DAVIS'  REQUESTED JURY INSTRUCTIONS**

Comes now the Defendant, **MARTHA DAVIS**, by and through his attorney, Timothy C. Halstrom, and respectfully requests that the following jury instructions be given to the jury in the above styled case.

Defendant prays the Court permit him to reserve the right to adopt certain and specific Jury Charges as submitted by co-defendants within a reasonable time after their submission to the court.

Defendant further prays the Court permit him to reserve the right to amend this Requested Jury Charges to include charges relative to the law as it relates to the facts as presented during the course of the trial.

Respectfully submitted this day, February 6, 2006.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021
Attorney for Defendant Martha Davis

Of Counsel:

Timothy C. Halstrom

Bar # HAL021

Attorney At Law

4170 Lomac Street

Montgomery, Alabama 36106

(334)272-6464

(334)244-7474 - fax

halstromtim@aol.com  - email

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick

Jeffery C. Duffey.

/s/Timothy C. Halstrom
Timothy C. Halstrom
Bar Number HAL021

## DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, the Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS, Basic Instruction 2.2

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 2**

In saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.

You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

PATTERN JURY INSTRUCTIONS, Basic Instructions 5

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 3**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

PATTERN JURY INSTRUCTIONS, Basic Instructions 6.5

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 4**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of his truthfulness.

You may consider those matters also in deciding whether to believe or disbelieve such a witness.

PATTERN JURY INSTRUCTIONS, Basic Instructions 6.7

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 5**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because he wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

PATTERN JURY INSTRUCTIONS, Special Instructions 1.1

### DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 6

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No.  1.2 (Special).*

## DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 7

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case or the case of a close friend or relative, may have reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

PATTERN JURY INSTRUCTIONS, Special Instructions 1.3

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 8**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field  - one who is called an expert witness - is permitted to state an opinion covering those technical matters.  Merely because such a witness has expressed an opinion, however does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

PATTERN JURY INSTRUCTIONS, Basic Instruction 7.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 9**

Witness  -  Law Enforcement

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness. Under the laws of the United States of America, witnesses, including law enforcement officers, are the same. Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 10**

Evidence - Direct and Circumstantial

   In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of chain of facts and a circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 11**

Definition  -  Reasonable Doubt  - suspicion and/or conjecture

The jury will remember that a Defendant is never to be convicted upon mere suspicion or conjecture. So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a Defendant is guilty of the charge, it must acquit that Defendant.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 12**

"Reasonable doubt" is defined "in terms of the kind of doubt that would make a person hesitate to act." <u>Holland v. United States</u>, 348 U.S. 121, 140, 75 S. Ct. 127, 138, 99 L. Ed. 150 (1954). The exacting standard of "beyond a reasonable doubt" is defined as "proof of a 'convincing character' sufficient to justify reliance 'without hesitation' in the conduct of one's 'most important affairs.'" <u>United States v. Jones</u>, 663 F.2d 567, 571 (5th Cir. Unit B 1981); <u>United States v. Mieres-Borges</u> 919 F.2d 652 (11th Cir. 1990)

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 13**

Definition  -  Reasonable Doubt

While the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt. A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond reasonable doubt, say so. If not say so.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 14**

Definition -   Knowingly

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 15**

Definition -   Willfully

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 16

Defendant, Martha Davis, is charged under Count One of the indictment with knowingly and willfully combining, conspiring confederating and agreeing together with other persons known and unknown to manufacture five grams or more of methamphetamine, in violation of law. To prove the crime of conspiracy, the government must prove beyond a reasonable doubt three essential elements:

     (1) "an agreement existed between two or more people to commit a crime,"

     (2) "the accused had knowledge of at least the essential objectives of that agreement," and

     (3) "armed with that knowledge, she voluntarily joined or participated in the illegal venture." *United States v. Mieres-Borges, 919 F.2d 652 (11th Cir. 1990); United States v. Pantoja-Soto, 739 F.2d 1520, 1525 (11th Cir.1984), cert. denied, 470 U.S. 1008, 105 S. Ct. 1369, 84 L. Ed. 2d 389 (1985). United States v. Lopez-Ramirez, 68 F.3d 438   (11th Cir. 1995)*

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 17**

Martha Davis is also charged by the Government with knowingly and intentionally possessing and distributing a listed chemical knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2).

Methamphetamine is a "controlled substance" within the meaning of the law. Pseudoephedrine is a listed chemical within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and intentionally possessed and distributed pseudoephedrine as charged;

Second: That the Defendant possessed and distributed the substance knowing and having reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine.

*Indictment; 21 USC 841(c)(2)*

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 18**

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for those specific offenses alleged in the indictment.

PATTERN JURY INSTRUCTIONS, Basic Instructions 10.4

## DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 19

Mere presence at the scene of a transactional event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

_United States v. Thomas_, 8 F.3d at 1558  (Noting that presence with conspirators alone or close association with them is insufficient proof of participation in a conspiracy).

PATTERN JURY INSTRUCTIONS, Offense Instruction 75

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 20**

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth as he or she understands it.  Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions:

Did the witness have an adequate opportunity at the time of the crime to observe the person in question?

What length of time did the witness have to observe the person?

What were the prevailing conditions at that time in terms of visibility or distance and the like?

Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

PATTERN JURY INSTRUCTIONS, Special Instructions 3

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO.  21**

It is the Defendant's Theory of Defense that she did not act with any bad purpose to disobey or disregard the law.  In other words, she did not act intentionally or willfully as that term has been defined to you.

If the evidence you have heard in support of the Defendant's Theory of Defense creates in your mind a reasonable doubt of her guilt, then, as a matter of law, you must find her not guilty.

*See generally:  Eleventh Circuit Pattern Jury Instructions (criminal 2003), Index to special instructions, note at p. 38*; No. 17, p. 69.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 22**

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003.*, No.  12 (Special).

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 23**

If you believe the evidence in this case did nothing more than create a suspicion, a possibility, speculation, or a guess that the defendant is guilty of the criminal act she is charged with, then that is an insufficient basis for conviction.  Circumstances merely causing a suspicion of guilt are insufficient to justify a conviction of crime, and you must find her not guilty.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 24**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you mut all agree.   Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.   But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Eleven Circuit Pattern Jury Instructions (criminal cases) 2003, No. 11 (Basic).*

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 25**

Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you mus t decide yourself, full but only after the case for consideration of the evidence with the other members of the jury.

While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**DEFENDANT DAVIS' REQUESTED JURY INSTRUCTION NO. 26**

Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience. [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so ,that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.